Citation Nr: 1448552 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-32 876 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina



THE ISSUE

Entitlement to service connection for a gastrointestinal disability, to include as due to exposure to herbicides in service.



REPRESENTATION

Appellant represented by: The American Legion



ATTORNEY FOR THE BOARD

D. Schechner, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from August 1968 to August 1970. This matter is before the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision by the Winston-Salem RO. In April 2014, the Board remanded the matter for additional development.


FINDING OF FACT

A gastrointestinal illness in service was acute and resolved without residual pathology; a chronic gastrointestinal disability was not manifested in service; a current chronic gastrointestinal disability is not shown. 


CONCLUSION OF LAW

Service connection for a gastrointestinal disability is not warranted. 38 U.S.C.A. § 1110, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.304 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

The requirements of 38 U.S.C.A. §§ 5103 and 5103A (West 2002 & Supp. 2013) have been met. By correspondence in February 2008 and April 2008, VA notified the Veteran of the information needed to substantiate and complete his claim, to include notice of the information that he was responsible for providing, the evidence that VA would attempt to obtain, and how VA assigns disability ratings and effective dates of awards. 

The Veteran's service treatment records (STRs) and pertinent post-service treatment records are associated with the record. The AOJ arranged for a VA examination in May 2014; the Veteran failed to report for the examination. The examiner reviewed the record and provided a medical opinion based on the record review. The Board finds the opinion to be the best available evidence given the circumstances (i.e., the Veteran's failure to cooperate with an examination scheduled in connection with the claim); it reflects a thorough review of the Veteran's record, and is accompanied by adequate explanation of rationale. See Barr v. Nicholson, 21 Vet. App. 303 (2007) Also given the circumstance noted above, further development of the evidentiary record is not possible. The Veteran has not identified any pertinent evidence that is outstanding. VA's duty to assist is met. 

Legal Criteria, Factual Background, and Analysis 

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). In order to establish service connection for the claimed disorder, there must be evidence of: (1) a current disability; (2) incurrence or aggravation of a disease or injury in service; and (3) a causal connection between the disease or injury in service and the current disability. See Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Disorders diagnosed after discharge may still be service connected if all the evidence establishes that the disorder was incurred in service. 38 C.F.R. § 3.303(d); Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994). 

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).


The Board has reviewed all of the evidence in the Veteran's record, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Hence, the Board will summarize the relevant evidence as appropriate, and the Board's analysis will focus specifically on what the evidence shows, or fails to show, as to the claim. 

The Veteran contends that he has a current chronic gastrointestinal disability that was incurred in or caused by service.

The Veteran's STRs show an episode of probable viral gastroenteritis in September 1969 that resolved. The STRs are otherwise silent for any complaints, findings, treatment, or diagnosis regarding a gastrointestinal disability. On August 1970 service separation examination, the abdomen and viscera were normal on clinical evaluation. In a contemporaneous report of medical history, he reported a history of frequent indigestion, but denied any history of stomach, liver, or intestinal trouble.

On February 2000 treatment, the impressions included GERD. On November 2013 VA treatment, the Veteran denied any abdominal pain, nausea, vomiting, dyspepsia, dysphagia, diarrhea, constipation, hematochesia, melena, hemorrhoids, or change in bowel movements. He reported taking omeprazole for reflux. Following a physical examination, the assessments included a history of colon polyps and diabetes mellitus.

In April 2014, the Board remanded the matter to afford the Veteran a VA examination. On May 2014 VA examination, the reviewing examiner reviewed the available records without an in-person examination using the Acceptable Clinical Evidence (ACE) process, finding that the existing medical evidence provided sufficient information on which to prepare the requested opinions. Following a review of the record, the reviewing examiner found that there was no evidence of gastrointestinal problems or complaints in the Veteran's STRs or separation records. The examiner found that the Veteran had not ever been diagnosed with an esophageal condition; there were no current esophageal problems noted, nor were there any such problems noted in the past in the VA treatment records or STRs. The examiner noted that the Veteran did not show for his scheduled VA examination, and the opinion was based on a complete review of the current and up to date VA progress notes and medical records. The reviewing examiner opined that the claimed condition was less likely than not (less than 50 percent probability) incurred in or caused by the Veteran's service; the examiner explained that there was no evidence of gastrointestinal problems or complaints in the STRs or separation records, and there was no evidence of gastrointestinal or esophageal problems in the past or in current VA progress notes or problem list.

The Veteran's STRs are silent for a chronic gastrointestinal or esophageal disability. Following the documented September 1969 viral illness, there is no further mention of gastrointestinal complaints, including on August 1970 service separation examination, when the abdomen and viscera were normal on clinical evaluation. Accordingly, the Board finds that service connection for a gastrointestinal disability on the basis that such disability became manifest in service and has persisted since is not warranted.

The Board finds the May 2014 VA examiner's opinion, that it is less likely than not that the Veteran has had a chronic gastrointestinal disability that was incurred in or caused by service, to be entitled to great probative weight, as it takes into account a complete review of the Veteran's claims file and medical history, and includes a detailed explanation of rationale. Of particular significance is that a thorough review of the claims file found no clinical evidence for a diagnosis of any gastrointestinal disability. The Board observes that in the absence of proof of a current disability there is no valid claim for service connection. See Brammer v. Derwinski, 3 Vet. App. 223 (1992). While the record shows notations of a history of gastrointestinal problems, and that the Veteran takes medication for reflux, there is no actual diagnosis of a gastrointestinal disability reported, and he is not shown to have, or have had, such disease. And, as the VA opinion-provider noted, there is also no diagnosis of an esophageal disability. The Board finds particularly noteworthy that when VA attempted to assist the Veteran by arranging for him to be examined to determine whether he actually has the disability claimed, and if so its likely etiology, it was stymied in the effort by his failure to report (without cause). Thus, no further development by VA was possible. 

The Veteran's own statements claiming he has a gastrointestinal disability due to events in service are not competent evidence. He is a layperson, and lacks the training and expertise to establish a diagnosis of a current gastrointestinal disability in the circumstances presented by his own opinion. There has been no medical diagnosis of current gastrointestinal disability (which the Veteran is reporting). Whether his current gastrointestinal complaints reflect an underlying chronic disability is a medical question that requires medical knowledge/training. See Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). The only competent (medical) evidence in this matter, the May 2014 advisory medical opinion based on review of the record establishes that no current gastrointestinal disability is shown. The examiner expressed familiarity with the factual record, and included rationale that cites to clinical data. The opinion offered is probative evidence, and in the absence of competent evidence to the contrary, persuasive. 

In summary, while the record reflects that the Veteran experienced an acute viral illness in service, the preponderance of the evidence is against a finding that he has a current chronic gastrointestinal disability that could be related to the illness in service, or otherwise to his service. Therefore, the preponderance of the evidence is against this claim, and the appeal seeking service connection for a gastrointestinal disability must be denied.


ORDER

Service connection for a gastrointestinal disability, including as due to herbicide exposure, is denied.


____________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs